IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| LONNELL REGINALD WIDEMAN, #A0180563,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN TODD THOMAS,<br><br>Respondent. | CIVIL NO. 14-00073 DKW-RLP<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS** |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Lonnell Reginald Wideman objects to the Magistrate Judge's June 4, 2014 Findings and Recommendation to Deny Petition for Writ of Habeas Corpus ("F&R"). Because Wideman's parole was not unlawfully revoked, and there was nothing procedurally infirm with the revocation hearing he received from the Hawaii Paroling Authority ("HPA"), the Court adopts the Magistrate Judge's recommendation and denies Wideman's petition for writ of habeas corpus. The Court also denies the certificate of appealability.

## BACKGROUND

The extensive factual history of Wideman's underlying criminal conviction, his parole revocation, and the proceedings to this point can be found in the Magistrate Judge's F&R. In short, Wideman's parole was revoked when he failed to report to his parole officer three separate instances of law enforcement contact, as required by the conditions of his parole. Thereafter, Wideman filed a petition in the Circuit Court of the First Circuit of the State of Hawaii ("Circuit Court"), challenging the substance of the parole revocation and the adequacy of the revocation hearing. The Circuit Court denied and dismissed the petition as patently frivolous, which Wideman appealed to the Intermediate Court of Appeals of the State of Hawaii ("ICA"). The ICA affirmed, holding that:

> The record in this case shows Wideman failed to report contact with law enforcement in violation of a condition of his parole. The record also indicates his parole revocation proceedings were pursuant to the applicable statutes and rules that govern such proceedings. In addition, there is nothing in the record to suggest his counsel was ineffective.
>
> The circuit court dismissal and denial of Wideman's Rule 40 petition as patently frivolous and without a trace of support in either the record or evidence submitted by Wideman, or in his allegations and arguments, was not erroneous.

ICA Order at 2.

Wideman then filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, which petition is presently before this Court. The petition

purports to assert eight grounds for relief, although there are actually only five general theories identified: (1) that Wideman's parole was revoked unlawfully; (2) that Wideman did not waive his right to a preliminary parole revocation hearing; (3) that Wideman was denied access to his own supervision records maintained by HPA; (4) that the revocation hearing was not conducted properly; and (5) ineffective assistance of counsel in the parole revocation process. Petition at 6–14.

The Magistrate Judge analyzed each of these theories, concluded that they were all without merit, and recommended that the petition should be denied. Finding that reasonable jurists would not disagree with the denial of the petition, the Magistrate Judge also recommended that the certificate of appealability be denied. Wideman objected to all of the Magistrate Judge's recommendations.

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *see also United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing. However, it is the Court's obligation to arrive at its own independent conclusion about those portions of the Magistrate Judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

## **DISCUSSION**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") mandates that a federal court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 based on any claim that was adjudicated on the merits by a state court unless the state court decision was "contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2)

"A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases." *Williams*

*v. Taylor*, 529 U.S. 362, 405 (2000). "A state-court decision will also be contrary to th[e Supreme] Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Id.* at 406. "[A] determination of a factual issue made by a State court shall be presumed to be correct . . . . [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The Court concludes that Wideman has failed to show that the ICA's decision was contrary to or involved an unreasonable application of Supreme Court precedent. Nor has he shown the incorrectness of any factual determination made by the ICA. Consequently, the Court adopts the Magistrate Judge's recommendation to deny Wideman's petition. Each of Wideman's grounds for habeas relief is discussed below.

I. **Substance of Parole Revocation**

Wideman has not shown that his parole revocation decision was contrary to or involved an unreasonable application of Supreme Court precedent. Wideman points to the Supreme Court's decision in *Douglas v. Buder*, 412 U.S. 430 (1973), to support his argument that his parole revocation was improper. In *Douglas*, the petitioner's parole was revoked for failing to follow the condition of

5

reporting arrests, even though the petitioner was cited, but never actually arrested. *Id*. at 431–32. Not surprisingly, the Supreme Court found error with the revocation decision because it was grounded in a parole condition that was not violated. The Supreme Court, however, did not determine that parole revocation is improper whenever a defendant fails to follow a condition of parole, as Wideman appears to suggest.

In this case, Wideman violated a condition of his parole. He was required, as a condition of his parole, to "immediately notify [his] parole officer of any contacts [he had] with any law enforcement officer pursuant to an authorized investigation." Terms of Conditions of Parole ¶ 1.e. Wideman, in fact, does not dispute that he had contact with law enforcement officers on three occasions and that he did not notify his parole officer of any of these contacts. Consequently, it was not contrary to *Douglas* or any other Supreme Court precedent for the ICA to conclude that "Wideman failed to report contact with law enforcement in violation of a condition of his parole." ICA Order at 2. The fact that Wideman was never arrested or charged with a crime as a result of his contacts with law enforcement is irrelevant because the condition of parole did not require an arrest or charge. Wideman has pointed to no authority suggesting that this specific condition was itself unreasonable or unconstitutional in any way.

As part of this and several of his other claims for habeas relief, Wideman additionally argues that an evidentiary hearing before this Court is necessary. However, the Supreme Court explicitly forbid district courts from holding evidentiary hearings for § 2254 habeas petitions on claims that have been adjudicated on the merits by a state court. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). "After *Pinholster*, review of claims adjudicated on the merits under AEDPA must be based only on 'the record that was before the state court that adjudicated the claim on the merits.'" *Gentry v. Sinclair*, 705 F.3d 884, 898 (9th Cir. 2012) (quoting *Pinholster*, 131 S. Ct. at 1398). Thus, "[b]ecause [Wideman] has failed to demonstrate that the adjudication of his claim based on the state-court record resulted in a decision 'contrary to' or 'involv[ing] an unreasonable application' of federal law, a writ of habeas corpus 'shall not be granted' and [the Court's] analysis is at an end." *Pinholster*, 131 S. Ct. at 1411 n.20. This Court will not hold any evidentiary hearing on Wideman's claims that were adjudicated on the merits by the Circuit Court and the ICA.

## II. <u>Waiver of Preliminary Parole Revocation Hearing</u>

Wideman contends that he did not knowingly and willingly waive his right to a preliminary parole revocation hearing. However, the Court concludes that it is reasonable to find that Wideman did knowingly waive that right. Wideman checked the "yes" box, acknowledging that "I waive my right to a Pre-

7

Revocation Hearing." Notice of Right to Pre-Revocation Hrg. at 2. His arguments that he simply did not know what he was agreeing to do not overcome by clear and convincing evidence the presumption that the state court's finding on this issue was correct. Further, the absence of a preliminary parole revocation hearing makes no difference here, given that Wideman ultimately received a revocation hearing that satisfied the requirements of due process.

### III.  Access to HPA Supervision Records

Wideman asserts that he should have been permitted access to HPA's chronological records in order to provide some mitigating evidence of his parole violations. However, it was not contrary to, or an unreasonable application of Supreme Court precedent to conclude that HPA was within its rights to decline to provide the requested records. "Due process requires that prior to parole revocation, a parolee must receive, inter alia, written notice of the claimed parole violations and disclosure of the evidence against him." *Grant v. U.S. Parole Commission*, 85 F.3d 635, at *1 (9th Cir. 1996) (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). "However, a parolee is not 'entitled to be apprised of all the evidence relied upon by a parole board in rendering its decision.'" *Id.* (quoting *Bermudez v. Duenas*, 936 F.2d 1064, 1066 (9th Cir. 1991)). The record reflects that HPA responded to Wideman's document request and provided some information, while noting that it could not provide the complete chronological

8

records of supervision. 7/10/12 HPA Letter. Nothing indicates that this ran afoul of due process requirements.

Moreover, Wideman's lack of access to HPA's chronological records is of no consequence here because Wideman has admitted to the predicate violations that resulted in revocation. Wideman admits that he only hoped to use the HPA records to show mitigating circumstances for *some* of the violations. Such mitigating evidence would not have altered the inherent discretion to revoke Wideman's parole regardless of any mitigating circumstances.

## IV. Propriety of Revocation Hearing

Wideman also contends that HPA used improper evidence at the revocation hearing. However, Wideman has pointed to no evidence in the record before the Circuit Court or the ICA that is contrary to the ICA's conclusion that Wideman's "parole revocation proceedings were [carried out] pursuant to the applicable statutes and rules that govern such proceedings." ICA Order at 2.[1] Similarly, Wideman has provided no evidence as to why it would be a conflict of interest for Kevin Rego, Wideman's former parole officer, to serve as the prosecutor at the revocation hearing. This Court may not consider any new

---

[1] In his objections, Wideman refers to his inability to question at the hearing the police officers who he had contact with (which contact he failed to report). But Wideman did not dispute that he had contact with law enforcement and failed to report it. Thus, it is unclear what Wideman would have gained from questioning the officers. The violation was not the contact with law enforcement; it was Wideman's failure to notify his parole officer of that contact.

9

evidence for this claim that was not before the state court and, therefore, there is no reason for habeas relief, based only on the alleged (and unsupported) impropriety of the revocation hearing.

V.      **Ineffective Assistance of Counsel**

Wideman's final basis for habeas relief is an ineffective assistance of counsel ("IAC") claim in the parole revocation process. Wideman merely asserts that his other grounds for habeas relief support his IAC claim. However, the Supreme Court requires (and the Magistrate Judge also noted) that an IAC claim "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668, 690 (1984); F&R at 18. None of the other claims for habeas relief assert any acts or omissions of Wideman's counsel. Thus, it was not unreasonable for the ICA to conclude that "there is nothing in the record to suggest [Wideman's] counsel was ineffective." ICA Order at 2. Moreover, even if there was evidence of acts or omissions of counsel, there was no prejudice to Wideman as a result, given his admission to the predicate violations that resulted in his parole revocation.

VI.     **Certificate of Appealability**

The Magistrate Judge recommended that a certificate of appealability be denied for Wideman's petition. An appeal may not be taken in a § 2254 habeas

proceeding, "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). To obtain a certificate of appealability, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, a district court denies a § 2254 petition on the merits, a petitioner, to satisfy the requirements of § 2253(c)(2), "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

No reasonable jurist would find this Court's assessment of the merits of Wideman's claims debatable or wrong. The Court therefore declines to grant the requested certificate of appealability.

//

//

//

## CONCLUSION

The Court adopts the Magistrate Judge's recommendation to deny Wideman's petition for writ of habeas corpus and to deny the certificate of appealability.

IT IS SO ORDERED.

DATED: September 4, 2014 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Wideman v. Thomas; CV 14-00073 DKW-RLP; ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS